# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| VICTORIA ANN DANKER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-14-1039-L |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner (Commissioner) issued a final decision denying Victoria Danker's (Plaintiff) applications for disability insurance benefits under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Tim Leonard referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the Court affirm the Commissioner's decision.

I. **Administrative proceedings.**

In her application, Plaintiff alleged that her impairments became

disabling in March 2010, which she amended to May 2010. AR 35, 110, 161.[1] The Social Security Administration (SSA) denied Plaintiff's claims, and at her request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 49-65. In January 2013, after reviewing the evidence and the hearing transcript, the ALJ issued an opinion finding Plaintiff not disabled. *Id.* at 11-25. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-6, and Plaintiff now seeks review in this Court. Doc. 1.

## II. The ALJ's findings.

Following the well-established five-step inquiry to determine whether a claimant is disabled, the ALJ found that Plaintiff: (1) met the insured status requirements through December 2014; (2) has the following severe impairments: degenerative disc disease, carpal tunnel, restless leg syndrome, pain in her legs due to back fusion; (3) has the residual functional capacity (RFC)[2] to perform "the full range of light work"; (4) can perform "past relevant work as waitress, department manager, security guard, and cashier"; and (5) is not disabled under the Social Security Act. AR 13-25; *see*

---

[1] For the parties' briefs, the undersigned's page citations refer to this Court's CM/ECF pagination. Page citations to the AR refer to that record's original pagination.

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1).

20 C.F.R. §§ 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps).

## III. Plaintiff's claims.

Plaintiff alleges that the ALJ improperly (1) evaluated Plaintiff's severe impairments at step 2; (2) formulated the RFC by failing to consider all of Plaintiff's impairments; and (3) analyzed Plaintiff's credibility. Doc. 11, at 1.

## IV. Standard for review.

This Court limits its review to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). While this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the Court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.*

## V. Analysis.

### A. The credibility determination.

#### 1. Standards for evaluating credibility.

Because the ALJ's credibility analysis impacts Plaintiff's other arguments, the undersigned begins there. This Court reviews an ALJ's credibility determination with deference and generally treats this determination as binding on review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *Broadbent v. Harris*, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when substantial evidence supports them. *Wilson*, 602 F.3d at 1144; *accord Hackett*, 395 F.3d at 1173.

*Luna v. Bowen* sets out the framework for a proper credibility analysis. 834 F.2d 161 (10th Cir. 1987). An ALJ must consider (1) whether the claimant has established a symptom-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's symptoms are in fact disabling. *See Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993) (explaining the *Luna* framework).

The Commissioner has promulgated regulations suggesting factors to be considered in evaluating credibility: Daily activities; location, duration,

4

frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms. 20 C.F.R. § 404.1529(c)(3)(i-vii). The Court has recognized a non-exhaustive list of factors that overlap and expand upon the factors promulgated by the Commissioner. *Luna*, 834 F.2d at 165-66. They include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

### 2. The ALJ's credibility analysis.

The ALJ set out the legal standard for a credibility determination as expressed in the regulations. AR 21. He then summarized Plaintiff's allegations of symptoms resulting from her impairments as reported in her Adult Disability Report, her testimony at the hearing, and the medical evidence. *Id.* at 19, 21-22. The ALJ also noted Plaintiff completed no Function Report – Adult Form, nor was there a completed Third Party Function Report. *Id.* at 19 ("Failure to complete and return these forms does

5

not reflect well on the claimant's statements of medically determinable impairments."). He considered Plaintiff's activities of daily living and the remaining *Luna* factors. *Id.* at 21. He found that Plaintiff's "statements concerning the level of symptoms are inconsistent with the objective medical evidence . . . ." *Id.* at 22.

The ALJ considered APRN-CRP Sherry Mitchell's Medical Source Statements, and the opinions of Jason Crouch, D.O., and Dr. Fadi F. Nasr. *Id.* at 23. The ALJ observed Nurse Mitchell's Medical Source Statements "are not very convincing" regarding Plaintiff's disability allegations. *Id.* He concluded Plaintiff's "credibility is only partially supported by the medical evidence of record," noting that no treating notes support Plaintiff's disability allegation. *Id.* at 22-23. Finally, "[g]iven the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed upon [her] by the treating doctor" – the ALJ found none. *Id.* at 23.

Relying on the opinions of treating physician Dr. Crouch and non-treating physician Dr. Nasr, the ALJ agreed with their opinions of Plaintiff's disability. He agreed with Dr. Crouch's opinion that Plaintiff "was abusing prescription medications." *Id.* The ALJ also gave the state agency physicians' opinions – that Plaintiff could perform light work – great weight. *Id.* The ALJ concluded medically determinable impairments could

reasonably be expected to produce symptoms Plaintiff alleged, but he found that her allegations regarding the severity, duration, and intensity of her symptoms not credible. *Id.*

### 3. Analysis.

The undersigned finds the ALJ properly made and explained his credibility determination. The ALJ gave controlling weight to the opinions of Drs. Crouch and Nasr and great weight to the state agency physician's opinions. *Id.*; *see* 20 C.F.R. § 404.1513; SSR 06-03p, 2006 WL 2329939, at *2.

Plaintiff asserts that Nurse Mitchell's treatment and opinion support her allegations. Doc. 11, at 15, 6-9. The ALJ (while misidentifying Nurse Mitchell as a doctor who recently treated Plaintiff) observed that Nurse Mitchell provided "no treating visit notes or tests." AR 22. The ALJ acknowledged that Nurse Mitchell "checked all of the boxes with extreme or severe limitations showing the claimant appeared severely impaired, drugged, eyes drooping, slurred speech, when standing, swayed and appeared unstable." *Id.* But the ALJ found Nurse Mitchell's Medical Source Statements unconvincing based on the evidence of record. *Id.* at 23.

The undersigned finds that the ALJ closely and affirmatively linked his credibility findings to substantial evidence. Plaintiff asks this Court to reweigh the evidence and to substitute its judgment for that of the Commissioner, which it cannot do.

The Commissioner acknowledges the ALJ's misstatement regarding Plaintiff's psychotropic medications – Plaintiff had prescriptions from Nurse Mitchell for diazepam and Celexa. Doc. 17, at 11; AR 386. But the undersigned agrees this error alone does not render the ALJ's adverse credibility determination invalid. Substantial evidence remains to support the ALJ's decision and the misstatement does not negate the validity of his ultimate conclusion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1174 (10th Cir. 2012) (although the ALJ failed to mention an alleged medication's side-effect, the omission "would not have affected the outcome in this case"); *Blackwell v. Colvin*, No. CIV-13-534-D, 2014 WL 3420491, at *6 (W.D. Okla. July 14, 2014) ("Substantial evidence supports the ALJ's credibility determination, and only harmless error, if any, occurred with respect to the ALJ's evaluation of the evidence in this regard.").

### B. The ALJ's alleged step-two error.

Plaintiff alleges the ALJ erred in not finding she suffers from the severe impairments of major depressive disorder and anxiety. Doc. 11, at 12. Step two of the sequential evaluation requires the ALJ to consider whether a claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii), (c). Plaintiff's disability application alleged a back impairment and carpal tunnel syndrome. AR 35, 110, 144, 179-81, 188-90. The ALJ determined that Plaintiff was severely impaired by

8

degenerative disc disease, carpal tunnel, restless leg syndrome, and pain in her legs due to back fusion. *Id.* at 13. The ALJ did not analyze whether Plaintiff's alleged mental impairments constituted severe impairments. Any step-two error would be harmless because "the ALJ reached the proper conclusion that [Plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step. . . ." *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008).

### C. The alleged error in the ALJ's consideration of Plaintiff's impairments.

Plaintiff contends that the ALJ erred at step four by not including any limitations in her RFC for carpal tunnel or her mental impairments. The medical evidence indicates she alleged having carpal tunnel syndrome in January 2012. AR 310. At that point, she alleged no mental impairments and received no psychotropic medications. *Id.*

The January 2012 Psychiatric Review Technique noted Plaintiff's "mental sx's appear to be directly related to her physical condition; therefore, mental development is curtailed." *Id.* But, Plaintiff "is able to follow instructions and handle changes in routine," and "appears to have adequate cognitive functioning to be able to perform work related tasks." *Id*; *see also id.* at 350. That same month, state agency physician Dr. Kenneth Wainner

9

noted Plaintiff's complaints of carpal tunnel and concluded Plaintiff "appears to have the ability to perform light work." *Id.* at 319; *see also id.* at 351-58.

In March 2012, after determining Plaintiff had refilled Lortab prescriptions without authorization, Dr. Crouch terminated her medical care and refused to provide a statement to support her disability claim. *Id.* at 335. A second state agency physician agreed Plaintiff could perform light work. *Id.* at 358 (also noting allegation of carpal tunnel); *see also id.* at 348 ("No treatment of a mental impairment."); *id.* at 354 (no manipulative limitations noted).

The ALJ restricted Plaintiff to light work. Plaintiff points to no additional manipulative limitations stemming from carpal tunnel that the record supports.

To the extent Plaintiff argues that the ALJ failed to account for her mental impairments, she relies only on her testimony and Nurse Mitchell's treatment. *See* Doc. 11, at 12. The undersigned has concluded that substantial evidence supports the ALJ's credibility determination. In addition, the ALJ appropriately gave controlling weight to the treating and non-treating physician and great weight to the state agency physician.[3]

---

[3] The undersigned agrees with the Commissioner that some of Plaintiff's submissions to the Appeals Council post-date the ALJ's January 2013 decision. Doc. 17, at 14 n.4 (citing AR 395-97); *see* 20 C.F.R. §§ 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider

*Keyes-Zachary*, 695 F.3d at 1164-65 (ALJ is justified in relying on an opinion from an acceptable medical source over that from a nonacceptable medical source).

The undersigned agrees that the ALJ's conclusion that Plaintiff's alleged mental impairments are non-severe at step two does not permit him to disregard those impairments when assessing Plaintiff's RFC and making step-four conclusions. But, apart from the misstatement the undersigned noted above regarding Plaintiff's prescriptions for psychotropic medications, the record consistently indicates that Plaintiff had received no mental impairment diagnosis, was not prescribed psychotropic medications (until Nurse Mitchell did so), and Plaintiff's disability application alleged no mental impairment. Substantial evidence supports the RFC.

## VI. Recommendation and notice of right to object.

The undersigned recommends that the Court affirm the Commissioner's decision. The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by August 17, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to

---

the additional evidence only where it relates to the period on or before the date of the [ALJ's] hearing decision.").

appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 28th day of July, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE